ORDINANCE NO. 29

Series 2021

AN ORDINANCE AMENDING CHAPTER 1 OF TITLE 4 OF THE <u>BRECKENRIDGE TOWN CODE</u> CONCERNING ACCOMMODATION UNIT LICENSES; PLACING A LIMIT ON THE NUMBER OF ACCOMMODATION UNIT LICENSES; AND MAKING MISCELLANEOUS AMENDMENTS RELATED THERETO

BE IT ORDAINED BY THE TOWN COUNCIL OF THE TOWN OF BRECKENRIDGE, COLORADO:

Section 1.  The Town Council finds and determines as follows[1]:

A. The Town is a world-class resort community and is widely known for its high mountain setting, its natural beauty, and its aesthetic charm.

B. The Town's economy is tourist-based.

C. A tourist-based economy such as the Town's requires a sufficient number of employees to provide the services required to serve such an economy. Without adequate workforce housing, a tourist-based economy cannot thrive.

D. To allow for a sufficient number of employees to be hired to provide the services necessary to sustain a tourist-based economy there must be an adequate supply of workforce housing.

E. Historically, the long-term rental of residential property, or at least the long-term rental of space within a residential property, has been an important means for providing workforce housing within the Town.

F. In addition to the required workforce housing, it is also essential to the continued vitality of the Town's economy that adequate short-term housing be made available to the many tourists who visit the Town each year.

G. Unlike other resort communities, the Town does not have a large number of hotels, motels, and other formal lodging establishments. As a result, the short-term rental of residential properties has historically been an important component of the temporary housing required for the many visitors to the Town.

H. Short-term rentals are extremely valuable to the Town's economy.

I. Short-term rentals currently exist in various locations throughout the Town.

J. A short-term rental unit is referred to in the Breckenridge Town Code as an "accommodation unit."

K. The rental of an accommodation unit by the owner is the operation of a business.

L. The Town has the power to regulate businesses that operate within the Town under several laws, including, but not limited to (i) Section 31-15-501, C.R.S. (concerning municipal power to regulate businesses); (ii) Section 31-15-401, C.R.S. (concerning municipal police powers); (iii) the authority granted to home rule municipalities by Article XX of the Colorado Constitution; and (iv) the powers contained in the Breckenridge Town Charter.

M. The Town's regulation of the business of operating a short-term rental requires an annual accommodation unit license as provided in Section 4-1-3 of the Breckenridge Town Code.

N. There has been a steady and dramatic increase in the number of accommodation unit licenses issued by the Town. According to the Town's Finance Department, from 2012 through 2020 the number of accommodation unit licenses issued by the Town was:

2012 – 2,881 licenses

---

**EXHIBIT 1**

       2013 – 2,911 licenses
       2014 – 3,341 licenses
       2015 – 3,385 licenses
       2016 – 3,388 licenses
       2017 – 3,572 licenses
       2018 – 3,737 licenses
       2019 – 3,783 licenses
       2020 – 3,762 licenses

O. As of August 16, 2021 (the most recent data available prior to the adoption of this ordinance) there are currently 3,945 existing accommodation unit licenses issued by the Town. Of this number, 1,469 accommodation units are designated as "exempt" accommodation units. The remainder of the licensed accommodation units, totaling 2,476 units, are classified as "nonexempt" accommodation units.

P. The distinction between exempt accommodation units and nonexempt accommodation units is based upon the fact that each exempt accommodation unit is located in either a condominium, a condominium/hotel, or a hotel, lodge, or inn that has (i) an on-site twenty four (24) hour staffed front desk; (ii) a twenty four (24) hour telephone system that is monitored by a person; and (iii) twenty four (24) hour private security capable of responding to complaints involving the property's accommodation units within a reasonable amount of time. As a result, exempt accommodation units require substantially less Town staff time to monitor and regulate than do nonexempt accommodation units.

Q. Although they provide great benefit to the Town, the Town Council has identified three (3) problems associated with the large number of nonexempt accommodation units currently operating within the Town. Such problems have been identified based upon the Town's experience with nonexempt accommodation units, and are described as follows:

Reduction In Workforce Housing

1. Some of the properties that have historically been made available for the long-term housing of employees have been converted to nonexempt accommodation units, thereby removing such properties from the pool of available workforce housing. At least partially due to the conversion of long-term rental properties into nonexempt accommodation units the Town is currently experiencing a serious and disturbing reduction in the availability of workforce housing. If not addressed, the lack of available workforce housing will have a demonstrable negative impact on the overall economy of the Town.

2. The Town has done much to try to address the lack of available workforce housing within the Town. According to the records of the Housing Division of the Town's Department of Community Development since 2007 the Town's direct and indirect costs expended to address workforce housing are approximately Ninety-Five Million Dollars ($95,000.000). Despite such efforts, and the expenditure of considerable public funds, the lack of available workforce house continues to be a significant problem that poses a threat to the overall economy of the Town.

Change of Character of the Town

3. In some areas of the Town, there has been a change in the character of the area which the Town Council finds to be the direct result of the operation of some of the accommodation units that have been established in such areas of the Town. The Town Council is extremely concerned about the change in the character of such areas.

Problems With The Operation of
Some Accommodation Units

4. Some (but certainly not all) short-term rentals are operated in such a manner as to create significant negative impacts. Such impacts include, but are not limited to, loud and excessive noise, improper parking, and trash that is not disposed of properly.

**EXHIBIT 1**

R.  Unless further action is taken to regulate the number of accommodation units within the Town the cumulative negative impacts described above will continue and will irreparably change the character of the Town.

S.  This ordinance is adopted specifically to serve the public interest by addressing the three accommodation unit problems identified above by:

1.  Reducing the overall negative impacts of nonexempt accommodation units in the Town by limiting the total number of nonexempt accommodation unit licenses that are in effect at any one time.

2.  Using the total number of nonexempt accommodation unit licenses that existed in the Town as of August 16, 2021 – being 2,476 such units – as the starting point for achieving the desired overall reduction in the total number of nonexempt accommodation unit licenses to be allowed within the Town.

3.  Limiting the total number of nonexempt accommodation unit licenses that may be in effect at any one time to a maximum of 2,200. This will achieve an overall reduction of 276 nonexempt accommodation unit licenses within the Town (or about 11.15% of the 2,476 licenses in effect as of August 16, 2021).

4.  Achieving the desired reduction in the total number of accommodation unit licenses primarily through attrition and not by immediately invalidating any of the Town's current accommodation unit licenses.

5.  Allowing those property owners holding valid accommodation unit licenses on the effective date of this ordinance to continue to use their properties as accommodation units until the first to occur of (i) the revocation of the license, (ii) the voluntary abandonment, surrender, or nonrenewal of the license, or (iii) the licensee no longer holding legal title to the real property for which the accommodation unit license was issued.

6.  Mitigating the potential effect of the loss of an accommodation unit license as described above by providing that certain title transfers do not cause the loss of an accommodation unit license, all as set forth in Sections 5 and 6 of this ordinance. Although such exemptions will delay somewhat the ability of the Town to achieve the desired reduction in the total number of nonexempt accommodation units within the Town, such exemptions are deemed essential to the equitable enforcement of this ordinance.

7.  Providing that, with certain exemptions provided in this ordinance, if an accommodation unit license is lost as a result of the licensee no longer holding legal title to the real property for which the accommodation unit license was issued, the Finance Director is authorized to issue a temporary accommodation unit license to the subsequent owner of such real property to allow for reservations existing on the date of the previous licensee's loss of title to the accommodation unit to be honored.

8.  Achieving a Town Council goal of aiding in the implementation of the Destination Management Plan that was adopted by the Breckenridge Tourism Office.

9.  Preserving and protecting the unique character of the Town.

T.  The Town Council finds and determines that the limitation on accommodation unit licenses established by this ordinance is necessary to achieve the desired effects of this ordinance and is not severable from the remainder of this ordinance.

Section 2. Section 4-1-2 of the Breckenridge Town Code is amended by the addition of the following definitions:

| BUSINESS DAY: | Has the meaning provided in Section 9-1-5 of this Code. |
|---|---|
| EXEMPT ACCOMMODATION UNIT: | Means an accommodation unit described in Section 4-1-8-1G. |

**EXHIBIT 1**

| NONEXEMPT ACCOMMODATION UNIT: | Means an accommodation unit other than those accommodation units described in Section 4-1-8-1G. |
|---|---|

Section 3. Section 4-1-8C of the Breckenridge Town Code is amended to read as follows:

C.  Nontransferable:

1. No license issued pursuant to this chapter shall be transferable.
2. Upon the transfer of a business or premises licensed by the Town pursuant to this chapter that is not an accommodation unit, the existing license shall terminate. The transferee of such business or premises may apply for a new annual business license. The transferee shall receive a pro rata credit on the license fees for the portion of the year remaining of the existing business license.
3. Unless exempted by Section 4-1-8-1H or Section 4-1-8-1I, below, upon transfer of legal title to real property for which a valid accommodation unit license issued by the Town pursuant to this chapter is in effect the existing accommodation unit license for such property shall terminate. The new owner of such real property may apply for a new accommodation unit license subject to the limitations and requirements of Section 4-1-8-4 of this Chapter.

Section 4. Section 4-1-8-1G of the Breckenridge Town Code is amended to read as follows:

G.  Exemptions: Condominiums, condominium/hotels, and hotels/lodgings/inns as defined in section 9-1-5 of this Code are exempt from the provisions of this section if they have: 1) an on-site twenty four (24) hour staffed front desk; 2) a twenty four (24) hour telephone system that is monitored by a person; and 3) twenty four (24) hour private security capable of responding to complaints involving the property's accommodation units within a reasonable amount of time. Chalet houses as defined in section 9-1-5 of this Code are exempt from the provisions of this section. The person responsible for staffing the front desk cannot be a member of the security personnel. The condominiums, condominium/hotels, and hotels/lodgings/inns described in the preceding sentence shall not be counted when determining the maximum number of accommodation unit licenses that may be issued pursuant to Section 4-1-8-4 of this Chapter.

Section 5. Section 4-1-8-1 of the Breckenridge Town Code is amended by the addition of a new Section H, which shall read in its entirety as follows:

H. Exempted Title Transfers: If the real property for which a valid accommodation unit license has been issued is transferred pursuant to a deed meeting any of the following conditions, the Director may issue a new accommodation unit license to the grantee named in such deed:

1. The transfer of title to real property if the grantee is a member of the grantor's family.

2. The transfer of title to real property from a grantor to a trust established by the grantor.

3. The transfer of title to real property from a grantor to a limited liability company or another form of business entity recognized by Colorado law so long as the grantor has a controlling interest in such limited liability company or other business entity.

4. Any transfer of the property between the same parties creating or terminating a joint tenancy in such property.

5. The transfer of title or change of interest in real property by reason of death, pursuant to a will, the law of descent and distribution, or otherwise.

6. The transfer of title to make effective any plan confirmed or ordered by a court of competent jurisdiction under the bankruptcy code or in an equity receivership proceeding.

**EXHIBIT 1**

7. The transfer of title without consideration for the purpose of confirming, correcting, modifying, or supplementing a transfer previously recorded; making minor boundary adjustments; removing clouds of titles; or granting rights of way, easements, or licenses.

8. The transfer of title pursuant to any decree or order of a court of record quieting, determining, or vesting title, including a final order awarding title pursuant to a condemnation proceeding.

9. The transfer of title between spouses or former spouses made pursuant to a separation agreement, decree of legal separation, or dissolution of marriage.

10. The transfer of title if required to obtain compliance with applicable law concerning like-kind exchanges.

11. The transfer of title pursuant to a valid real estate contract that was fully signed up to and including September 28, 2021 if: (i) the transfer of title occurs within six (6) months of the signing of the contract; and (ii) if a completed license application is filed with the Town not later than twenty (20) days after the transfer of title.

Any new license issued pursuant to this Section H shall not count against the limitation on the number of accommodation unit license established in Section 4-1-8-4.

Section 6. Section 4-1-8-1 of the Breckenridge Town Code is amended by the addition of a new Section I, which shall read in its entirety as follows:

I.   Exemption For New Construction: The owner of a residential structure for which a building permit was issued and in effect on September 14, 2021, may obtain an accommodation license for such structure if a completed license application is filed with the Town not later than twenty (20) days after a certificate of occupancy for such structure is issued by the Building Official. Any new license issued pursuant to this Section H shall not count against the limitation on the number of accommodation unit license established in Section 4-1-8-4.

Section 7. Section 4-1-5A of the Breckenridge Town Code is amended to read as follows:

4-1-5: ISSUANCE OF LICENSE:

A.   The Finance Director shall issue a license under this chapter upon presentation of a completed license application and payment of the fee required by section 4-1-4 of this chapter. Provided, however, the Finance Director shall not issue more accommodation unit licenses than is authorized pursuant to Section 4-1-8-4A of this Chapter.

   1. The Finance Director shall issue a license for an accommodation unit under this chapter only to the owner of such accommodation unit.

B.    Except as otherwise provided in Section 4-1-8-4, a license issued under this chapter shall be valid for one year commencing with the date of issuance and shall be renewed annually until the occurrence of an event described in Section 4-1-8-4C.

C.   If an accommodation unit license is lost because the licensee no longer holds legal title to the real property that is the subject of the license, the Finance Director shall, upon request of the subsequent owner of such real property, issue to such owner a temporary six-month accommodation unit licensee to allow such owner to honor, insofar as possible, reservations for the property that existed on the date that the previous owner's accommodation unit license was lost due to the transfer of legal title to the real property that was the subject of the previous license.

Section 8. Chapter 4 of Title 1 of the Breckenridge Town Code is amended by the addition of a new Section 4-1-8-4, which shall read in its entirety as follows:

4-1-8-4: LIMIT ON THE NUMBER OF ACCOMMODATION UNIT LICENSES.

**EXHIBIT 1**

A. Effective November 2, 2021, the maximum number of valid nonexempt accommodation unit licenses that may be in effect at any one time shall be 2,200. The Finance Director shall not issue any accommodation unit license that would result in there being in effect at any one time more than 2,200 valid accommodation unit licenses.

B. Notwithstanding subsection A of this Section, and subject to the requirements of subsection C of this Section, the holder of a valid nonexempt accommodation unit license on the date set forth in subsection A of the Section may continue to renew such license in the manner provided in Section 4-1-5B.

C. A nonexempt accommodation unit license issued pursuant to this Chapter shall be valid until the first to occur of: (i) the license is revoked by the Finance Director as provided in Section 4-1-10-2; (ii) the license is abandoned, voluntarily surrendered, or not renewed by the licensee; or (iii) the licensee no longer holds legal title to the real property for which the accommodation unit license was issued.

D. The Finance Director shall maintain a list of persons who have requested a nonexempt accommodation unit license but who have not been issued such license because of the limit on the number of nonexempt accommodation unit licenses established in subsection A of this Section.

E. Whenever a nonexempt accommodation unit license may lawfully be issued by the Finance Director without violating subsection A of this Section, the Finance Director shall notify the person who has been on the Finance Director's nonexempt accommodation unit license waiting list described in subsection D of this section for the longest period of time. Such person shall have five (5) business days to submit a complete nonexempt accommodation unit license application to the Finance Director. If such person fails to submit a complete license application to the Finance Director within such five business day period, or if such person notifies the Finance Director within five business day period that such person no longer wants a nonexempt accommodation unit license, the Finance Director shall notify the next person on the nonexempt accommodation unit license waiting list that a license is available and such person may obtain a license in the same manner as set forth above. The Finance Director shall continue notifying persons on the nonexempt accommodation unit license waiting list until the available license is issued.

Section 9. Except as specifically amended hereby, the <u>Breckenridge Town Code</u>, and the various secondary codes adopted by reference therein, shall continue in full force and effect.

Section 10. Within ninety (90) days from the effective date of this ordinance, the Finance Director shall adopt administrative regulations pursuant to Section 4-1-10B of the Breckenridge Town Code as may be necessary or appropriate for the enforcement of this ordinance.

Section 11. The Town Council hereby finds, determines, and declares that it has the power to adopt this ordinance pursuant to (i) Section 31-15-103, C.R.S. (concerning municipal police powers); (ii) Section 31-15-501, C.R.S. (concerning municipal power to regulate businesses); (iii) Section 31-15-401, C.R.S. (concerning municipal police powers); (iv) the authority granted to home rule municipalities by Article XX of the Colorado Constitution; and (v) the powers contained in the Breckenridge Town Charter.

Section 12. The Town Council hereby finds, determines, and declares that it has the power to adopt this ordinance pursuant to the authority granted to home rule municipalities by Article XX of the Colorado Constitution and the powers contained in the Breckenridge Town Charter.

Section 13. This ordinance shall be published and become effective as provided by Section 5.9 of the Breckenridge Town Charter.

INTRODUCED, READ ON FIRST READING, APPROVED AND ORDERED PUBLISHED IN FULL this 14th day of September, 2021.

This ordinance was published in full on the Town of Breckenridge website on September 15, September 16, September 17, September 18 and September 19, 2021.

**EXHIBIT 1**

A public hearing on this ordinance was held on September 28, 2021.

READ, ADOPTED ON SECOND READING AND ORDERED PUBLISHED IN FULL ON THE TOWN'S WEBSITE this 28th day of September, 2021.  A copy of this Ordinance is available for inspection in the office of the Town Clerk.

ATTEST:                                                            TOWN OF BRECKENRIDGE

_____            _____
Helen Cospolich, CMC, Town Clerk              Eric S. Mamula, Mayor

APPROVED IN FORM

_____  9/28/21
Town Attorney                Date

    This Ordinance was published on the Town of Breckenridge website on September 29, September 30, October 1, October 2 and October 3, 2021.  This ordinance shall become effective on November 2, 2021.

**EXHIBIT 1**