IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  23-cv-03171-NYW-NRN

COLORADO PROPERTY OWNERS FOR PROPERTY
RIGHTS, a Colorado Nonprofit Corporation,

    Plaintiff(s),

v.

TOWN OF BRECKENRIDGE, COLORADO,
A Home Rule Municipal Corporation.

    Defendant(s).

_____

**REPLY IN SUPPORT OF MOTION TO DISMISS**
_____

Defendant Town of Breckenridge, Colorado, through counsel, respectfully submits this reply in support of its Motion to Dismiss [Doc. 11]:

**A.**    **The Standard of Review is Rational Basis**

Plaintiff's Second and Third Claims for Relief assert that the Ordinances violate "Plaintiff's substantive due process rights," while the Fourth Claim for Relief avers that they "violate equal protection." [Doc. 5 at ¶¶ 110-155.] Analyzing such claims, "courts begin by determining the proper level of scrutiny to apply … [and] first ask whether the government action implicates a fundamental right." *Valdez v. Grisham*, No. 21-2105, 2022 WL 2129071, at *4 (10th Cir. June 14, 2022). If so, strict scrutiny applies; if not, courts apply rational-basis review. *Id*.; *Van Sant & Co. v. Town of Calhan*, 83 F.4th 1254, 1277

(10th Cir. 2023); *Stewart v. City of Okla. City*, 47 F.4th 1125, 1138 (10th Cir. 2022). Plaintiff suggests that rational basis review is inappropriate here, although it neither identifies nor applies any alternative standard. [Doc. 21 at 4-5.]

Plaintiff's members wish to avoid certain restrictions on a profitable use of their real property. As the Town pointed out, "federal courts have concluded uniformly that the right to dispose of one's property is not fundamental for equal protection purposes." *211 Eighth, LLC v. Town of Carbondale*, 922 F. Supp. 2d 1174, 1180 (D. Colo. 2013); "Economic regulations—*i.e.*, those burdening one's property rights—have traditionally been afforded only rational relation scrutiny under the Equal Protection Clause." *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1580 (10th Cir. 1995); [*see* Doc. 11 at 5-6 (collecting cases)]. Thus, the Ordinances are only subject to rational-basis review.

Plaintiff resists this conclusion by suggesting that "an individual's right in real property is an important right that demands a heightened analysis" under the Colorado Constitution. [Doc. 21 at 4-5.] But Plaintiff can point to no case applying a heightened standard to regulations like those at issue here.[1] Indeed, the Tenth Circuit very recently rejected such arguments in *Van Sant*, where the plaintiff also relied on Article II, Section 3 of the Colorado Constitution to argue "that "restricting a property owner's 'use and enjoyment' of that property 'deprives the owner of a property interest.'" *Van Sant*, 83 F.4th at 1277. The court found Art. II § 3 "irrelevant to the case at hand because [the Town]'s adoption of the ordinances challenged by Van Sant has not infringed on Van Sant's right

---

[1] Plaintiff cites only a criminal sentencing case in which the Second Circuit refused to apply heightened scrutiny. *United States v. Coleman*, 166 F.3d 428, 431 (2d Cir. 1999).

2

to acquire, possess, or protect its property." *Id*. at 1278. The court also noted that "Colorado courts have, in construing this section, emphasized that '[p]roperty rights are not absolute,' and that, relatedly, 'the right[ ] to ... conduct a ... business [is] not unlimited and can be abrogated in appropriate circumstances." *Id*. (quoting *Stulp v. Schuman*, 410 P.3d 457, 462–63 (Colo. App. 2012) (court's alterations)).

Accordingly, the court applied "only rational basis review … [under which] a local ordinance 'must be upheld ... if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id*. at 1279 (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). The same rule applies here. Plaintiff's suggestion that the Ordinances should be held to a heightened standard of review, such as intermediate scrutiny, is incorrect and inconsistent with settled law.

B. **Plaintiff's Equal Protection Claims Do Not Survive Rational Basis Review**

Plaintiff next contends that there can be no rational basis for "rendering homeowners without a license in Zones 2 and 3 effectively unable to rent their homes … while permitting homeowners in Zone 1 to rent their homes." [Doc. 21 at 8.] Plaintiff insists that the Court should not look to the overall purposes of the Ordinances, but instead "determine whether the *disparate treatment* is rational related to a legitimate state purpose." *Id*. (emphasis original).

This emphasis on "the classification itself" does not lighten Plaintiff's burden. Under rational basis review, a local ordinance "must be upheld ... if there is any reasonably conceivable state of facts that could provide a rational basis <u>for the classification</u>." *Beach Commc'ns*, 508 U.S. at 313 (emphasis added). And because such classifications are

3

"presumed constitutional, the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Armour v. Indianapolis*, 566 U.S. 673, 685 (2012) (internal quotation omitted). *See also Christie v. Coors Transp. Co.*, 933 P.2d 1330, 1333 (Colo. 1997) ("If any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume those facts exist."). Plaintiff has not even attempted to make such a showing.

Plaintiff's claim that a heightened rational basis review is required by *Zobel v. Williams*, 457 U.S. 55, 62 (1982) is inaccurate. In *Zobel,* the legislative scheme that allocated different amounts to Alaskans based upon their length of residence in the state did not pass rational basis review because the articulated justification for the disbursement scheme at issue could not justify that differential treatment of citizens. *Zobel* did not alter the rational basis standard and is only relevant to legislation which distinguishes based upon residency. *See Pat Huval Restaurant & Oyster Bar, Inc. v. International Trade Comm'n,* 785 F.3d 638, 644 (Fed. Cir. 2015) (distinguishing *Zobel*).

1. <u>Plaintiff does not sufficiently allege the "similarly situated" element of its claim</u>

Nor has Plaintiff made the threshold showing that similarly situated property owners are treated differently under the Ordinances here. Plaintiff's Response naively assumes all homeowners in Breckenridge are similarly situated. [Doc. 21 at 7-8]. Neither the Complaint nor the Response allege sufficient facts to support such a conclusion. "To be 'similarly situated' the individuals must be prima facie identical in all relevant respects or directly comparable in all material respects; although this is not a precise formula, it is nonetheless clear that similarly situated individuals must be very similar indeed." *Ebonie*

4

*S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, 819 F. Supp. 2d 1179, 1189 (D. Colo. 2011), *aff'd sub nom. Ebonie S. v. Pueblo Sch. Dist. 60*, 695 F.3d 1051 (10th Cir. 2012) (citing *U.S. v. Moore,* 543 F.3d 891 (7th Cir. 2008)) (quotation omitted).

Plaintiff's sole allegation in this regard is that "one neighbor is located within Zone 1 (immediately entitled to a STR License) while his neighbor in the same subdivision is in zone 3 (is [*sic*] expected to wait thirty (30) or more years for a STR License)." [Doc. 5 at ¶ 133; *see id*. at ¶ 152 (same).] This allegation does not set forth sufficient factual material to plausibly conclude that these two anonymous (or perhaps hypothetical) homeowners are identical or directly comparable "in all relevant respects." Such vague allegations do not establish that treating different property owners in different locations is irrational. *See Nordlinger v. Hahn*, 505 U.S. 1, 7 (1992) (state property tax did not violate equal protection even though "Petitioner … was paying about five times more in taxes than some of her neighbors who owned comparable homes since 1975 within the same residential development.").

2. Plaintiff has not sufficiently alleged the differential treatment is irrational

Even if they had properly alleged the existence of similarly situated homeowners subject to disparate treatment, Plaintiff would still have to show the distinction is irrational. "In general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification." *Nordlinger*, 505 U.S. at 10-11. As explained in the Motion, the Town's legislative factfinding determined that limiting STR licenses in neighborhood areas reasonably targets areas most conducive to long-term housing and rentals for the Town's local workforce and encourages STR concentrations close to resort areas and

visitor infrastructure. [Doc. 11 at 8.] This is more than sufficient to establish a rational basis for the Ordinances. "Rational-basis review … recognizes 'that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary.'" *Johnson v. OK-DOC Bd. of Corr.*, 829 F. App'x 318, 320 (10th Cir. 2020) (quoting *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976) (also noting a "classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." (quoting *Heller v. Doe*, 509 U.S. 312, 321 (1993))).

Plaintiff makes no attempt to show that the Town's policy goals are not "plausible." It merely suggests that the Town's stated goals "do not logically support" the Ordinances because the Town also "relies on short term rentals to support its economy and meet the demand of visiting guests." [Doc. 21 at 9.] This is little more than a policy dispute: Plaintiff asks the Court to reweigh competing economic and municipal interests that the legislature already considered. Whatever the merits of Plaintiff's preferences, they do not amount to an equal protection claim. *Oakley v. Raemisch*, No. 14-cv-03000-CMA-MJW, 2016 WL 786734, at *4 (D. Colo. Feb. 2, 2016), *report and recommendation adopted*, 2016 WL 759170 (D. Colo. Feb. 26, 2016) ("Plaintiff may believe that [differential treatment] to be bad public policy, but it is nonetheless rationally related to legitimate [government] interests…. Plaintiff has not stated an Equal Protection claim under this theory.").

3. <u>Allegations of state-law violations cannot support Plaintiff's constitutional claim</u>

Plaintiff's only remaining argument is to attack the Ordinances as "enacted for an illegitimate purpose." [Doc. 21 at 9.] Such arguments fail for two independent reasons: (1)

legislative "purpose" is not an element of Plaintiff's claims; and (2) Plaintiff's allegations that the Ordinances violate state law beg the merits of its state-law preemption claim.

First, allegations that a particular ordinance was enacted for an "illegitimate purpose" does not alter the analysis under rational basis review. Whatever motives a plaintiff may impute to the legislature, the constitutionality of an ordinance remains dependent upon whether its classifications are rationally related to any conceivable government interest. As the Tenth Circuit has stated in rejecting similar arguments against a licensing scheme, "[w]hile Plaintiffs argue that the capping of [hunting] licenses… and the purported balance achieved by the licensing scheme are illegitimate purposes, we must remember that the Equal Protection Clause is not meant to be a tool to second-guess legislative judgments concerning valid public policy." *Clajon Prod. Corp.*, 70 F.3d at 1581 (cleaned up).

Second, Plaintiff's contention that the Ordinances amount to "discriminatory geographic rent control" in violation of C.R.S. § 38-12-301 inappropriately conflates its equal protection claim with its allegations that the Ordinances are preempted by Colorado state law (the First Claim for Relief).[2] That question of state law is yet to be decided and Plaintiff is not entitled to the presumption that its claim will prevail. But even if it does, Plaintiff's state-law preemption claim cannot be used to bootstrap its constitutional claims here. The question of whether these regulations violate a state statute is quite different from the constitutional validity of classifications created by the regulations. *Snowden v.*

---

[2] The Town's Motion does not seek dismissal of that First Claim for Relief under Rule 12(b)(6) but asks the Court to decline jurisdiction of the state-law claim in the event all federal claims are dismissed. [Doc. 11 at 14.]

7

*Hughes*, 321 U.S. 1, 8 (1944) ("[A]n erroneous or mistaken performance of the statutory duty, although a violation of the statute, is not without more a denial of the equal protection of the laws."). Indeed, "[t]o the extent [plaintiff] seeks relief for alleged violations of state statutes … he has stated no cognizable claim under § 1983." *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970) *and Hill v. Ibarra,* 954 F.2d 1516, 1520 (10th Cir. 1992)).

None of Plaintiff's arguments against dismissal have merit, and the Fourth Claim for Relief fails as a matter of law.

## C. Plaintiff's Substantive Due Process Claims Likewise Fail

The Town showed, and Plaintiff concedes, that substantive due process analysis converges with that of the equal protection claim. [Doc. 11 at 10-11 (citing *Washington v. Glucksberg,* 521 U.S. 702, 719 (1997); Doc. 21 at 10-11 (same).] Plaintiff sets forth no additional arguments to support its due process claims, only repeating that "the Ordinances … are not rationally related to a legitimate municipal government interest in Colorado given the stated [*sic*] goal of rent control." [Doc. 21 at 11.] Therefore, for all the reasons set forth above and in the Motion, the Court should also dismiss the Second and Third Claims for relief.

## D. The Ordinances Do Not Burden Interstate Commerce

Despite the conclusory allegations of Plaintiff's complaint, the Ordinances here do not "discriminate against interstate commerce on their face, purpose, and in their effect." [Doc. 5 at ¶ 163.] They apply to all short-term rental property, whether the owners live in Breckenridge, in Colorado, in another state, or anywhere else. Challenged in the Motion

8

to identify any language on the face of either Ordinance that treats out-of-state property owners or renters any differently than in-state owners or renters [Doc. 11 at 13], Plaintiff has no response except to mischaracterize this as "an equal protection analysis as opposed to a Dormant Commerce Clause analysis." [Doc. 21 at 13.] On the contrary, under the dormant Commerce Clause ordinances that "regulate evenhandedly to effectuate a legitimate local public interest ... will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2091 (2018) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970)).

Plaintiff makes no argument under this balancing test. Instead, relying heavily on *Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine,* 520 U.S. 564, 575 (1997), it argues that the Ordinances should be treated as "*per se* invalid" because "the explicit economic objective of the Ordinances is to benefit the local in-state workforce with lower rent at the expense of STR property owners and their out-of-state guests." [Doc. 21 at 11-12.] But this is mere argument: again, Plaintiff does not (and cannot) point to any language in the Ordinances making "explicit" that purportedly discriminatory "objective." In *Camps Newfound/Owatonna* itself, the Supreme Court instructed that to determine whether a statute discriminates against interstate commerce, "[i]t is not necessary to look beyond the text of [the] statute...." 520 U.S. at 575 (noting that the law there "expressly distinguishes between entities that serve a principally interstate clientele and those that primarily serve an intrastate market."). The text of the Ordinances here contains no such distinctions, and the *per se* rule does not apply.

Plaintiffs also cite *National Pork Producers Council v. Ross*, 598 U.S. 356, 380 (2023). But there in its most recent explication of the doctrine, the Supreme Court "expressly cautioned against judges using the dormant Commerce Clause as 'a roving license for federal courts to decide what activities are appropriate for state and local government to undertake.'" *Id*. (quoting *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 343 (2007). This Court should likewise reject Plaintiff's invitation to invalidate the Ordinances by re-weighing costs and benefits already properly considered by the Town Council. The Commerce Clause provides no basis to void the Ordinances here.

Finally, Plaintiff complains that it "is premature and presumptuous" for the Town to request that this Court decline to exercise jurisdiction over the First Claim for Relief in the event the federal claims are dismissed. [Doc. 21 at 14.] In this Circuit, when "the district court has dismissed all claims over which it has original jurisdiction, courts <u>must</u> dismiss pendent state law claims without prejudice absent compelling reasons to the contrary." *Brooks v. Gaenzle,* 614 F.3d 1213, 1230 (10th Cir. 2010) (internal citation and quotations omitted) (emphasis added). Plaintiff maintains that "this Court should only determine the Town's request for dismissal without prejudice after the Court has reached a disposition of Plaintiff's Constitutional claims." That is precisely the relief the Town seeks.

WHEREFORE, as set forth above, the Town respectfully requests the Court to dismiss Plaintiff's Complaint in its entirety, with prejudice, and order any other necessary and proper relief.

Respectfully submitted this 5th day of February, 2024.

BERG HILL GREENLEAF RUSCITTI LLP

*s/ Geoffrey C. Klingsporn*

Josh A. Marks
Geoffrey C. Klingsporn

*Attorneys for Defendant*
*Town of Breckenridge, Colorado*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2024, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** was served electronically to the following:

| | |
|---|---|
| Ryan P. Horace<br>Jordan C. May<br>Frascona Joiner Goodman<br>   & Greenstein PC<br>4750 Table Mesa Drive<br>Boulder, CO 80305 | Timothy J. Knapp<br>Knapp & Associates, P.C.<br>11747 W. 54th Pl.<br>Arvada, CO 80002 |

*s/ Cheryl Stasiak*

Cheryl Stasiak