IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  23-cv-03171-NYW-NRN

COLORADO PROPERTY OWNERS FOR PROPERTY
RIGHTS, a Colorado Nonprofit Corporation,

    Plaintiff(s),

v.

TOWN OF BRECKENRIDGE, COLORADO,
A Home Rule Municipal Corporation.

    Defendant(s).

_____

**JOINT MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE PENDING RESOLUTION OF MOTION TO DISMISS**
_____

Plaintiff Colorado Property Owners for Property Rights and Defendant Town of Breckenridge, Colorado, through their respective counsel, respectfully submit their Joint Motion to Stay all Discovery and Vacate Scheduling Conference Pending Resolution of Motion to Dismiss (ECF No. 11 ).  In support thereof, the parties state as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.Colo.L.Civ.R 7.1A, counsel for Defendant conferred with counsel for Plaintiff regarding this motion, which resulted in Plaintiff's joinder in this motion and request for a stay.

## BACKGROUND

1. On November 30, 2023, this matter was removed from Summit County District Court, Case No. 2023CV30135. Plaintiff's Complaint (ECF No. 1), alleges that certain regulations that the Town of Breckenridge ("Town or Defendant") adopted to restrict the ability of residential property owners to engage in short-term rentals in the Town ("STR Regulations") are unconstitutional or violate Colorado statutory law.

2. The case was then assigned to Judge Wang (ECF No. 8), who subsequently referred the case to Magistrate Judge Neureiter to convene a scheduling conference and handle certain discovery and pretrial matters (ECF No. 9).

3. On December 4, 2023, Magistrate Judge Neureiter issued an Order Setting the Scheduling Conference on March 6, 2024 (ECF No. 10), with the deadlines below:

   a. The parties must file a proposed scheduling order by February 28, 2024.

4. Defendant moved to dismiss Plaintiff's claims pursuant to F.R.C.P. 12(b)(6) on December 13, 2023 (ECF No. 11). Plaintiff opposed the Motion to Dismiss on January 22, 2024 (ECF No. 21). Defendant submitted its Reply on February 5, 2024 (ECF No. 22) making the Rule 12 Motion ripe for a ruling.

## ARGUMENT

The parties jointly request that, pending resolution of Defendant's Motion to Dismiss, the Court A) stay all discovery, and B) vacate the March 6, 2024 scheduling conference and related deadlines. For the reasons described below, all the *String Cheese* factors support this Court exercising its discretion to enter the requested stay and to vacate the scheduling conference and related deadlines.

A.     **A stay of discovery pending resolution of Defendant's Motion to Dismiss promotes the interests to be considered under the *String Cheese* factors.**

Although the Federal Rules of Civil Procedure do not expressly address a stay of discovery, Rule 26(c) permits the Court to "make any order which justice requires to protect a party . . . from . . . undue burden or expense." Fed. R. Civ. P. 26(c). Courts in the District of Colorado often rely on Rule 26(c) to grant stays of discovery pending resolution of dispositive motions. *See, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006). In deciding whether to grant a stay of discovery, courts consider five factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. at *2. Each factor supports a stay.

1.     **Plaintiff's interests in proceeding expeditiously.** Plaintiff seeks a stay to conserve their resources until this court rules on Defendant's pending Motion to Dismiss. Plaintiff's interests in proceeding expeditiously and efficiently would not be prejudiced by a delay in discovery pending resolution of Defendant's Motion to Dismiss. In these circumstances, District of Colorado courts have found that the first *String Cheese* factor favor a stay. *See, e.g.*, *Harris v. Startek USA, Inc.*, No. 22-cv-00437-RM-NYM, 2022 WL 2068990, at *3 (finding when the plaintiffs themselves seek a stay of discovery, the first *String Cheese* factor supports a stay).

2. **Burden on Defendant.** Defendant joins in seeking a stay of discovery pending the resolution of their dismissal motion. This court's ruling on Defendant's Motion to Dismiss, will determine whether discovery is necessary and the scope of such discovery. Because "proceeding with discovery could be wasteful [to the Defendant] if [the Court] grants the" dispositive motion, "the second *String Cheese Incident* factor weights in favor of staying discovery." *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021).

3. **Convenience to the Court.** Other courts in the District of Colorado have held that a stay of discovery pending resolution of a dispositive motion is desirable "to avoid expending resources in managing an action that ultimately [could] be dismissed." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010); *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *9 (D. Colo. Sept. 13, 2023). The parties respectfully suggest this Court's interests would likewise be served by a stay in this case, including avoiding discovery disputes that might not ultimately be relevant to the action.

4. **Interests of non-parties.** Should discovery occur, the parties may end up deposing non-parties who may have information relevant to the claims and defenses in this case. These non-parties would be unnecessarily burdened if discovery were to proceed, only for the matter to be dismissed. So, the fourth *String Cheese* factor favors a stay. *See Serna v. City of Colo. Springs*, No. 23-cv-00728-DDD-MDB, 2023 WL 5017259, at *5 (D. Colo. Aug. 7, 2023) (holding that the fourth *String Cheese* factor supports a stay

4

when "non-parties would be unduly burdened by discovery if the matter were to proceed, only for it to be later dismissed for lack of subject matter jurisdiction or otherwise").

5. **The public interest.** The public has an interest in "an efficient and just resolution" of a case. *Serna*, 2023 WL 5017259, at *5. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodsoon v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). The best way to avoid wasteful efforts by the Court and the litigants is to stay discovery pending resolution of Defendant's Motion to Dismiss, which seeks to dismiss all five of Plaintiff's causes of action. *See Serna*, 2023 WL 5017259, at *5 (holding that the fifth *String Cheese* factor weighed in favor of a stay because "[a] stay would promote the efficient and just resolution of the claims because the forthcoming motion could dispose of the entire case or . . . narrow the twenty-four count complaint.").

Because all five *String Cheese* factors support a stay, the Court should stay discovery pending resolution of Defendant's Motion to Dismiss (ECF No. 11).

**B.** **For identical reasons, the Court should vacate the scheduling conference until the Motion to Dismiss is resolved.**

When the *String Cheese Incident* factors warrant a stay of discovery, and the court grants that stay, District of Colorado courts will usually vacate an upcoming scheduling conference. *See, e.g.*, *Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL 2643565, at *4 (D. Colo. July 7, 2022) (vacating the scheduling conference, and ordering it "to be reset if appropriate"); *Tuck v. United States*, No. 21-cv-02889, 2022 WL 596277, at *6 (D. Colo. Feb. 28, 2022) (same); *Atl. Richfield Co.*, 2021 WL 5016019, at *2 (same). Because

Defendant's pending Motion to Dismiss may affect the deadlines set at the upcoming scheduling conference, the parties request that the Court vacate the March 6, 2024 scheduling conference and related deadlines. The parties acknowledge that a scheduling conference should be promptly reset in the event that pending Motion is not granted in full.

## CONCLUSION

To avoid potentially wasting resources, the parties ask that the Court grant the parties' Joint Motion to Stay All Discovery and Vacate Scheduling Conference Pending Resolution of the Motion to Dismiss.

Respectfully submitted this 26th day of February, 2024.

| | |
|---|---|
| KNAPP & ASSOCIATES, P.C. | BERG HILL GREENLEAF RUSCITTI LLP |
| *s/ Timothy J. Knapp* | *s/ Josh A. Marks* |
| Timothy J. Knapp<br>11747 W. 54th Place<br>Arvada, CO 80002<br>Phone: (720) 333-2222<br>Email: tjknapp10@gmail.com | Josh A. Marks<br>Geoffrey C. Klingsporn<br>1712 Pearl Street<br>Boulder, CO 80302<br>Phone: (303) 402-1600<br>Fax: (303) 402-1601<br>Email: jam@bhgrlaw.com<br>     geoff.klingsporn@bhgrlaw.com |
| *Attorneys for Plaintiff*<br>*Colorado Property Owners*<br>*For Property Rights* | *Attorneys for Defendant*<br>*Town of Breckenridge, Colorado* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2024, a true and correct copy of the foregoing **JOINT MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE PENDING RESOLUTION OF MOTION TO DISMISS** was served electronically to the following:

Ryan P. Horace
Jordan C. May
Frascona Joiner Goodman
   & Greenstein PC
4750 Table Mesa Drive
Boulder, CO 80305

Timothy J. Knapp
Knapp & Associates, P.C.
11747 W. 54th Pl.
Arvada, CO 80002

*s/ Cheryl Stasiak*

Cheryl Stasiak

7