IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO

Civil Action No.: 2023CV3171-NYW-NRN

COLORADO PROPERTY OWNERS FOR PROPERTY
RIGHTS, a Colorado Nonprofit Corporation
    Plaintiffs

v.

TOWN OF BRECKENRIDGE, COLORADO,
A Home Rule Municipal Corporation
    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

Plaintiff, Colorado Property Owners for Property Rights, by and through its counsel, Frascona, Joiner, Goodman and Greenstein, P.C., and Knapp & Associates, LLC., hereby submit this Motion for Leave to File Supplemental Briefing and states as follows:

D.C.Colo.LCiv R 7.1(a) Duty to Confer - Counsel for Plaintiff has conferred with counsel for Defendants on the relief requested, and Defendant's counsel has advised they are unopposed.

**I.    Introduction and Background**

On February 28, 2024, Defendant Town of Breckenridge filed a pleading entitled "Defendant's Notice of Supplemental Authority" which included a February 7, 2024 trial court order issued by the Honorable Judge Daniel Domenico, addressing a subset of federal claims included in a lawsuit brought against the Town of Estes Park by two individuals and their entity. Defendant Town of Breckenridge seeks to include Judge Domenico's ruling in support of its Fed.

R. Civ. P. 12(b)(6) Motion to Dismiss after the Plaintiff and Defendant completed their briefings, and the parties jointly entered a stay of the proceedings until this Court rules on Plaintiff's motion.

In response to Defendant's unauthorized attempt to supplement its prior arguments with non-binding authority, Plaintiff now moves pursuant to Fed. R. Civ. P. 15(a)(2) and D.C.COLO.LCivR 15.1(b) for leave to file supplemental briefing or, in the alternative, to strike Defendant's unauthorized supplemental notice pleading.

The supplemental authority the Town of Breckenridge seeks to include as part of its briefing of the Town's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss is an order from *Grigsby v. Estes Park*, 1:23-cv-01349-DDD-SBP (D.Colo. February 6, 2024). The plaintiffs in the *Grigsby* case contend, inter alia, that the Town of Estes Park's recently adopted "Linkage Fee" on properties rented for less than thirty days is unconstitutional and exceeds the Town's statutorily derived authority. The Grigsbys, who are long-time residents of Estes Park, and had maintained for several years three cabins within Estes Park which they used as vacation rentals, argued that the Town of Estes Park violated federal and state laws when it adopted the Linkage Fee. The Grigsbys brought eight claims against the Town of Estes Park, including claims of violations of their federal and state Constitutional rights under the Equal Protection Clause, Substantive Due Process, and the Contracts Clause. This property-specific dispute ensued when the Grigsbys declined to pay the Linkage Fee for one of their rentals and the Town of Estes Park in return refused to issue a short-term rental license for such property. The Grigsbys then brought their lawsuit. Put simply, the factual allegations in the Grigsby case share no real common underlying facts with the case at bar. For this reason, the Grigsby case is not analogous to the case brought by the Colorado Property Owners for Property Rights (hereinafter referred to as, "COPR").

Further, the two distinct cases assert claims that are simply not comparable. For example, unlike the allegations in the COPR complaint wherein it claims similarly situated property owners e.g., property owners within the same neighborhood are treated differently under the Town of Breckenridge's short-term rental ordinances, the Grigsbys did not articulate disparate treatment between similarly situated individuals. The Grigsbys also challenge a study performed by the Town of Estes Park where, by contrast, the Town of Breckenridge chose not to commission any study and there is no such study or analysis to challenge. The Grigsbys further effectively conceded rational basis review of the challenged regulations which COPR has not done for purposes of Defendant's Fed. R. Civ. P. 12(b)(6) motion here.

In summary, the Grigsby case is simply not analogous to the case at bar and is ultimately unhelpful to this Court in analyzing Defendant's Fed. R. Civ. P. 12(b)(6) motion.

Pursuant to D.C.COLO.LCivR 15.1(b), COPR has attached its brief as Axhibit 1 hereto.

## II.     Legal Standard

Fed. R. Civ. P. 15(a)(2) provides, in relevant part:

"(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Leave to amend complaint should be freely given in absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In contrast to the above, the Federal Rules of Civil Procedure do not contemplate a filing of supplemental authority as Defendant Town of Breckenridge has done here. Furthermore, the D.C.COLO.LCivR 7.1(f) only contemplates the filing of supplemental authority where a matter is set for hearing. Further, the Colorado Court of Appeals recently also concluded that such unauthorized supplemental authority is improper where a party filed a non-binding federal trial court order from a distinguishable case. *Ctr. for Wound Healing & Hyperbaric Med., LLC of Burlington Colorado v. Kit Carson Cnty. Health Serv. Dist.*, --- P.3d--- 2024, 2024 COA 24 (Colo.App.2024).

### III.   Analysis

**A.   No Authority for Defendant's Notice of Supplemental Authority**

Here, there is no specific procedural authority authorizing Defendant Town of Breckenridge's Notice of Supplemental Authority as filed here. D.C.COLO.LCivR 7.1(f) does authorize supplemental authority to be filed with this court in advance of a hearing; however, no such hearing has been requested by Defendant in connection with its 12(b)(6) motion. Similarly, Defendant Town of Breckenridge has not sought leave to file any supplemental authority.

The Tenth Circuit affirmed Judge Baldock's recent decision rejecting an unauthorized filing of "supplemental authority" and a post hoc effort to seek leave to file such authority. See *Standing Akimbo, Inc. v. United States through Internal Revenue Serv.*, No. 21-1379, 2023 WL 569405 (10th Cir. Jan. 27, 2023). Additionally, the Colorado Court of Appeals recently also concluded that such unauthorized supplemental authority is improper where a party filed a non-binding federal trial court order from a distinguishable case. *Ctr. for Wound Healing & Hyperbaric*

*Med., LLC of Burlington Colorado v. Kit Carson Cnty. Health Serv. Dist.*, --- P.3d--- 2024, 2024 COA 24 (Colo.App.2024).

Here, Defendant Town of Breckenridge's pleading Notice of Supplemental Authority is unauthorized, and the Court should treat it as such. If, however, the Court is inclined to permit such supplemental pleading, it should also permit COPR's supplemental brief addressing and distinguishing this new authority.

### B. Factors in Favor of Plaintiff's Requested Supplemental Are Met

COPR merely seeks the right to offer a supplemental brief addressing Defendant's supplement. There is no ulterior motive or factor present rendering such supplemental brief improper, including undue delay, bad faith, dilatory motive or repeated deficiencies. In the absence of such factors, leave should be freely given. *Foman*, 371 U.S. at 182. Here, COPR is effectively requesting the Court's permission to respond to Defendant's unilateral filing of supplemental authority.

### C. Defendant's Cited Supplemental Authority Not Binding on This Court

As this Court is aware, Defendant's cited supplemental authority is not binding on this Court. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.01[1][d], p. 134–26 (3d ed.2011)). Defendant Town of Breckenridge concedes this point in its pleading stating, "While not binding on this Court, Judge Domenico's analysis is submitted as persuasive authority." (Doc 27, p. 1). Thus, if the Court is inclined to permit Defendant's supplemental pleading, then COPR should be afforded the opportunity to clearly

distinguish for this Court, the distinctions between the *Grigsby* case and the case at bar, as well as offer argument and additional citations (both binding and non-binding) addressing the *Grigsby* analysis and order.

## IV. Conclusion

For the foregoing reasons, this Court should permit COPR to submit a supplemental brief addressing Defendant Town of Breckenridge's Notice of Supplemental Authority. In the alternative, this Court should strike Defendant's Notice of Supplemental Authority as unauthorized.

Dated: March 6, 2024.

Respectfully submitted,

*/s/ Jordan C. May*
Jordan C. May, #38734
Ryan P. Horace, #53091
Frascona, Joiner, Goodman & Greenstein
4750 Table Mesa Drive
Boulder, CO 80305
303-494-3000
jordan@frascona.com
ryan@frascona.com
*Attorneys for Plaintiff*


*/s/ Timothy J. Knapp*
Timothy J. Knapp, Atty Reg. No. 18867
Knapp Associates, LLC
11747 W. 54th Pl.
Arvada, CO 80002
720-333-2222
tjknapp10@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was provided to the persons herein next designated by E-service via PACER and/or email on March 6, 2024.

Josh A. Marks
Geoffrey C. Klingsporn
Berg, Hill, Greenleaf, Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
303-402-1600
jam@bhgrlaw.com
Geoffrey.klingsporn@bhgrlaw.com
*Attorneys for Defendant*

                                                Frascona, Joiner, Goodman & Greenstein

                                                */s/ Alyssa Colwell*
                                                Alyssa Colwell | Paralegal