IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO

Civil Action No.: 2023CV3171-NYW-NRN

COLORADO PROPERTY OWNERS FOR PROPERTY
RIGHTS, a Colorado Nonprofit Corporation
    Plaintiffs

v.

TOWN OF BRECKENRIDGE, COLORADO,
A Home Rule Municipal Corporation
    Defendants.

### PLAINTIFF'S SUPPLEMENTAL BRIEF

Plaintiff, Colorado Property Owners for Property Rights (hereinafter, "COPR"), by and through its counsel, Frascona, Joiner, Goodman and Greenstein, P.C., and Knapp & Associates, LLC., hereby submit this Supplemental Brief as follows:

### I. Introduction and Background

On February 28, 2024, Defendant Town of Breckenridge filed a pleading entitled "Defendant's Notice of Supplemental Authority" which included a February 6, 2024 court order issued by the Honorable Judge Daniel Domenico, addressing a subset of federal claims included in a lawsuit brought against the Town of Estes Park by two individuals and their entity. Defendant Town of Breckenridge seeks to include Judge Domenico's ruling in support of its Fed. R. Civ. P. 12(b)(6) Motion for Summary Judgment after the Plaintiff and Defendant completed their briefings and the parties jointly entered a stay of the proceedings until this court rules on Plaintiff's motion.

The supplemental authority the Town of Breckenridge seeks to include as part of its briefing of the town's Fed. R. Civ. P. 12(b)(6) Motion for Summary Judgment is an order from

*Grigsby v. Estes Park*, 1:23-cv-01349-DDD-SBP (D.Colo. February 6, 2024). There, the plaintiffs asserted that the Town of Estes Park's recently adopted "Linkage Fee" on properties rented for less than thirty days is unconstitutional and exceeds the Town's statutorily derived authority. The Grigsbys, who are long-time residents of Estes Park having maintained for several years three cabins which they used as vacation rentals, argued that the Town of Estes Park violated federal and state laws when it adopted the Linkage Fee. Specifically, the Grigsbys alleged a violation of C.R.S. § 31-15-103 (which provides that a statutory town only possess the powers expressly conferred to it by state law); the Equal Protection Clause, Substantive Due Process, and the Contracts Clause.

The Town of Estes Park asserted that it established the Linkage Fee to "help defray" the costs imposed on the Town's housing market by short term rentals and that the fee was based on a study performed for the Town by an independent consultant. The Grigsbys objected to this fee and did not pay it in connection with one of their three rental cabins. Following this non-payment, a property-specific dispute arose between the Grigsbys and the Town of Estes Park's refusal to issue a rental license to the Grigsbys for one of their three rental cabins. The Grigsbys sought to challenge the regulatory regime underlying the Linkage Fee.

The Town of Estes Park filed a Fed. R. Civ. P. 12(b)(6) motion seeking dismissal of the Constitutional claims asserted in the Grigsby Complaint. The order addressing the Town of Estes Park's motion is attached to Defendant Town of Breckenridge's Notice of Supplemental Authority (the "Order"). Defendant does not attach or reference any other pleadings.

Unlike the allegations in the COPR Complaint wherein it claims similarly situated property owners e.g., property owners within the same neighborhood are treated differently under the Town

of Breckenridge's Short Term Rental ordinances, the Grigsby's did not specifically identify or articulate disparate treatment between similarly situated individuals. Rather, the Grigsbys offered principally what amounted to policy arguments that other Estes Park employers and users of the workforce requiring housing e.g., hotels, restaurants and others, would not be subject to the Linkage Fee and that the fee has no rational basis to addressing the employee housing issue.

Judge Domenico noted that the because the Grigsbys did not assert that there was differential treatment within similarly situated individuals and made no effort to justify the application of strict scrutiny, the standard of review question was essentially forfeited such that the Court applied rational basis scrutiny (Order, p. 4, footnote 2)[1].

Non-binding authority can be helpful when there is a unique fact situation that is more closely tailored to the facts in the issue at hand than any other binding authority. *Korn v. Paul Revere Life Ins. Co.,* No. 04-CV-70821-DT, 2005 WL 2932073, at *5 (E.D. Mich. Nov. 4, 2005).

## II.     Argument

### A.     No Authority for Defendant's Notice of Supplemental Authority

Here, there is no specific procedural authority authorizing Defendant Town of Breckenridge's Notice of Supplemental Authority as filed here. It is undisputed that Defendant sought no leave to file its supplemental filing.

While D.C.COLO.LCivR 7.1(f) does authorize supplemental authority to be filed with this court in advance of a hearing; however, no such hearing has been requested by Defendant in connection with its Fed. R. Civ. P. 12(b)(6) motion.

---

[1] The District Court held that had the plaintiff argued that the Estes Park fee discriminated between similarly situated individuals or groups the law would have had to have been "narrowly tailored to further a compelling governmental interest (citing *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002)).

The Tenth Circuit affirmed Judge Baldock's recent decision in a recent case rejecting an unauthorized filing of "supplemental authority" and a post hoc effort to seek leave to file such authority. See *Standing Akimbo, Inc. v. United States through Internal Revenue Service*, No. 21-1379, 2023 WL 569405 (10th Cir. Jan. 27, 2023).

Here, Defendant's supplemental authority pleading is unauthorized, and the Court should treat it as such. Such a pleading is properly disregarded and stricken, especially where it does not comply with local rule. *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (citing *Ysais v. New Mexico Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)). Here, Defendant made no effort to follow this Court's local rules with regard to its supplemental filing.

## B. Defendant's Cited Supplemental Authority Not Binding on This Court

As this Court is aware, Defendant's cited supplemental authority is not binding on this Court. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.01[1][d], p. 134–26 (3d ed.2011)). Defendant Town of Breckenridge concedes this point in its pleading stating, "While not binding on this Court, Judge Domenico's analysis is submitted as persuasive authority." (Doc 27, p. 1).

Defendant suggests that its filing might be helpful because Judge Domenico applied rational basis review. Defendant's Notice of Supplemental Authority, p. 1. However, as noted, the Grigsby parties effectively conceded this standard of review it their Fed. R. Civ. P. 12(b)(6) briefing. COPR has made no such concession.

### C. Defendant's Cited Non-Binding Authority Is Unhelpful

First, non-binding authority can be helpful when there is a unique fact situation that is more closely tailored to the facts in the issue at hand than any other binding authority. *Korn v. Paul Revere Life Ins. Co.,* No. 04-CV-70821-DT, 2005 WL 2932073, at *5 (E.D. Mich. Nov. 4, 2005). These criteria are not met here. Other than the fact that both the case at bar and the *Grigsby* case involve a Colorado municipal attempt to regulate short term rentals, the cases are factually dissimilar and the plaintiff's legal arguments are not remotely the same.  In the *Grigsby* case, an individual ownership group brought a lawsuit to challenge a fee imposed by the Town of Estes Park and the denial of a short-term rental license as to a single property when the challenged fee was not timely paid. As the Order recites, Plaintiffs in *Grigsby* chiefly argue that the study on which the Town of Estes Park based its linkage fee regulation was deeply flawed. Notably, Judge Domenico also analyzed whether the Linkage Fee imposed by the Town of Estes Park represented a legitimate governmental purpose, concluding that the Linkage Fee did represent a legitimate governmental purpose. (Order, p. 7).

By contrast, the case at bar involves a facial attack brought by a group of well over 100 property owners challenging two ordinances imposed by the Town of Breckenridge designed to tightly control the use of certain properties inside the Town of Breckenridge, including expressly permitting some owners (while strictly prohibiting other similarly situated owners) from renting out their properties to out-of-town guests and, thereby, precluding the collection of higher rents. In the case at bar, the challenged ordinances specifically seek to alter the supply of affordable workforce housing by restricting (by legislative fiat) the supply of rental housing for out-of-town guests. The stated goal of these ordinances is to force property owners in the Town to rent a higher

proportion of their properties to the local workforce at lower rental rates. Because Colorado prohibits rent control by statute (C.R.S. 38-12-301 et seq.), the Town's ordinances are not imposed for a legitimate governmental purpose.

The *Grigsby* case involves none of these same issues. The two cases are factually distinct. Put simply, the *Grigsby* case does not set forth a "a unique fact situation that is more closely tailored to the facts in the issue at hand than any other binding authority." *Korn v. Paul Revere Life Ins. Co.,* No. 04-CV-70821-DT, 2005 WL 2932073, at *5 (E.D. Mich. Nov. 4, 2005). Thus, the fact that the Order addresses a distinct set of underlying facts, very different from the case at bar, makes the Order unhelpful in addressing the Town of Breckenridge's early Fed. R. Civ. P. 12(b)(6) effort to dismiss Plaintiff's claims.

Lastly, non-binding authority can be helpful where there is dearth of binding authority in a narrow area. The case at bar does not meet these criteria. The Constitutional claims ruled on by Judge Domenico involving Equal Protection, Substantive Due Process and the Commerce Clause, represent well-trodden areas of law. This Court can review and analyze the binding authority cited by the parties in this case and other binding authority as this Court sees fit. There is simply no need to look to the Order given the existing binding precedent on these claims.

### III.   Conclusion

For the foregoing reasons, this Court should disregard Defendant Town of Breckenridge's Notice of Supplemental Authority and the offered citation contained therein.

Dated: March 6, 2024.

        Respectfully submitted,

*/s/ Jordan C. May*
Jordan C. May, #38734
Ryan P. Horace, #53091
Frascona, Joiner, Goodman & Greenstein
4750 Table Mesa Drive
Boulder, CO 80305
303-494-3000
jordan@frascona.com
ryan@frascona.com
*Attorneys for Plaintiff*


*/s/  Timothy J. Knapp*
Timothy J. Knapp, Atty Reg. No. 18867
Knapp Associates, LLC
11747 W. 54th Pl.
Arvada, CO 80002
720-333-2222
tjknapp10@gmail.com
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was provided to the persons herein next designated by E-service via PACER and/or email on March 6, 2024.

Josh A. Marks
Geoffrey C. Klingsporn
Berg, Hill, Greenleaf, Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
303-402-1600
jam@bhgrlaw.com
Geoffrey.klingsporn@bhgrlaw.com
*Attorneys for Defendant*

Frascona, Joiner, Goodman & Greenstein

*/s/   Alyssa Colwell*
Alyssa Colwell | Paralegal